# EXHIBIT A



IN THE CIRCUIT COURT OF COOK COUNTY
FIRST MUNICIPAL DISTRICT

VANESSA SUMMERS

        Plaintiff,

v.

AT&T CORPORATION, ET AL,
IC SYSTEMS, INC ET AL

        Defendants.

Case File No. 2013M1016081
CALENDAR/ROOM 1110
TIME 09:30
Tort – Intentional

Amount Claimed: $30,000

11-13-13

**FEE WAIVED**

## TORT COMPLAINT

    **COMES NOW** the Plaintiff, Vanessa Summers, prose, and for her Complaint against the Defendants states as follows:

    1.    This action arises out of Defendants' repeated violations of the Fair Credit Reporting Act (15 U.S.C. § 1681 et seq. ["FCRA"] and the Fair Debt Collection Practices Act (15 U.S.C. § 1692a(6); 1692g(a) ["FDCPA"]), out of state law violations to validate debt owed to Plaintiff and out of the invasion of Plaintiff's personal and financial privacy by Defendants and their agents in their illegal debt abuse practices to collect debt that was discharged in Plaintiff's Chapter 13, an unfair practice under 815 ILCS 505/2, Illinois Consumer Fraud Act and 225 ILCS 425/Collection Agency Act to protect the welfare of consumers, subject to regulation and control in the public interest.

    2.    This Court has federal question jurisdiction pursuant to 28 U.S.C. Section 1331, as a civil action arising under the laws of the United States, and pursuant to 15 U.S.C. Section 1681(e)(k), as a civil action to enforce liability under the FCRA. Supplemental jurisdiction is conferred on this Court pursuant to 28 U.S.C. Section 1367 over all claims based on State law pleaded in the Litigation on the ground that they are so related to claims within its original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Defendants engaged in unfair and deceptive practices pursuant to 815 ILCS 505/2, Illinois Consumer Fraud Act and 225 ILCS 425/Collection Agency Act to protect the welfare of consumers, subject to regulation and control in the public interest.



EXHIBIT A

## BACKGROUND INFORMATION

3. Defendants have violated the Fair Credit Reporting Act (15 U.S.C. § 1681 et seq. ["FCRA"]; the Fair Debt Collection Practices Act (15 U.S.C. § 1692a(6); 1692g(a) ["FDCPA"], 815 ILCS 505/2, Illinois Consumer Fraud Act and related state laws by incorrectly reporting debt about Plaintiff to the Consumer Reporting Agencies that was discharged in Plaintiff's Chapter 13 bankruptcy. *Piper v. Portnoff Law Assoc.*, **262 F. Supp. 2d 520 (E.D. Pa. 2003).**

4. Plaintiff disputed over the phone abusive debt claims by Defendants with the Consumer Reporting Agency Experian, pursuant to 15 U.S.C. § 1692g(b) on October 4, 2013 [Report #1432-8605-57]. **(Exhibit I.)** Defendants have validated FCRA, FDCPA, Consumer Fraud Act and other state laws alleging that Plaintiff owes Defendants' debt that was claimed in Plaintiff's Chapter 13 Bankruptcy. **(Exhibit II.)** Defendants have engaged in unlawful practices pursuant to 225 ILCS 425/Collection Agency Act that protects the welfare of consumers and is subject to regulation. **Plaintiff has not and do not owe Defendants money.**

5. On or about January 21, 2009, Plaintiff owed Defendant(s) AT&T Uverse in assess of $479.93. Defendant (s) AT&T Uverse through its collector: "Collection Bureau of America, 25954 Eden Landing Rd. Hayward, CA 94545" put through a claim for $487.74 in Plaintiff's Chapter 13 Plan. **(Exhibit II.)**

## RECOGNITION OF THE WIDESPREAD ABUSE BY COLLECTORS

6. Congress found it necessary to pass the FDCPA due to rampant abusive practices by dishonorable debt collectors. 15 USC § 1692 is entitled "Congressional findings and Declaration of purpose" and it states as follows:

(a) There is **abundant evidence** of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

(b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) **Means other than** misrepresentation or other **abusive debt collection practices are available for the effective collection of debts.**

2

(d) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) It is the **purpose** of this title to **eliminate abusive debt collection practices** by debt collectors, to **insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged**, and to promote consistent State action to protect consumers against debt collection abuses. [Emphasis added].

## PARTIES

7. Plaintiff Vanessa Summers (hereinafter "Plaintiff") is a natural person who is a resident of Merrionette Park, IL and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant AT&T Corporation (hereinafter "Defendant"), is a corporation who resides at 208 S. Akard Street, Dallas, TX 75202, and is a "creditor" as that term is defined by 15 U.S.C. § 1692a(3).

9. Defendant IC System, (hereinafter "Defendant"), is a company who resides at P.O. Box 64378, Saint Paul, MN 55164, and is a "debt collector" as that term is defined in 15 U.S.C. § 1692a(3).

## FACTUAL ALLEGATIONS

10. Plaintiff had an account with AT&T Uverse that was cancelled on January 21, 2009 in assess of $479.93. Defendant(s) AT&T Uverse hired Collection Bureau of America, 25954 Eden Landing Rd., Hayward, CA 94545 to collect Plaintiff's debt.

11. Plaintiff filed Chapter 13 bankruptcy on July 10, 2009 and Collection Bureau of America was listed as claimant in Plaintiff's Chapter 13 Plan in assess of $487.74. **(Exhibit II.)** Plaintiff owed AT&T Uverse only $479.93, but Defendant(s) AT&T Corporation claimed $487.74 in Plaintiff's Chapter 13 Plan, in violation of the Fair Credit Reporting Act (15 U.S.C. § 1681 et seq. ["FCRA"]; the Fair Debt Collection Practices Act (15 U.S.C. § 1692a(6); 1692g(a) ["FDCPA"] and 815 ILCS 505/2, Illinois Consumer Fraud Act. ***Piper v. Portnoff Law Assoc.*, 262 F. Supp. 2d 520 (E.D. Pa. 2003).**

3

12. Plaintiff's Chapter 13 Plan was confirmed on November 20, 2009 and completed on March 6, 2013. Plaintiff case was discharged on May 21, 2013.

13. Before, During and After Plaintiff's Chapter 13 Plan, Defendants have engaged in violation of Fair Credit Reporting Act (15 U.S.C. § 1681 et seq. ["FCRA"]; the Fair Debt Collection Practices Act (15 U.S.C. § 1692a(6); 1692g(a) ["FDCPA"] and 815 ILCS 505/2, Illinois Consumer Fraud, in that Defendants are using abusive debt practices to collect debt from Plaintiff that has been discharged in her Chapter 13 Plan.

14. Plaintiff disputed Defendants' debt claim with Consumer Reporting Agencies and Defendants have insisted that Plaintiff owe debt that was listed in Plaintiff's Chapter 13 Plan, a violation of fair debt collection practice and privacy laws.

15. Plaintiff received a report dated October 4, 2013 (1432-8605-57), from Experian Consumer Reporting Agency after disputing Defendants' erroneous debt claim, a violation of fair debt collection practice and privacy laws.

***Defendants Keep Reporting Erroneous Information about Plaintiff to Consumer Reporting Agencies***

16. Defendants have reported erroneous credit information about Plaintiff to Experian about **on more than one occasion, a violation of state and federal laws.**

17. **As a result of Defendants abusive and erroneous reporting,** Experian has provided Plaintiff's credit information to Capital One Auto Finance (8/16/2013), NCCINC/ Family Hyundai (8/16/2013), Convergent Outsourcing (7/24/13), State Farm Insurance (8/3/12), and Diamond Report (1/5/12).

18. As a result of Defendant fraudulent debt reporting in Plaintiff's credit file, Plaintiff has been denied credit and sustains damage as a result of Defendants.

19. Defendants have refused to correct Plaintiff's credit file with accurate information.

20. Defendants are bound by Federal and State Laws to report consumer information accurately to CRAs.

21. Defendants' intentional and malicious conduct has caused Plaintiff harm and Plaintiff has sustained damage as a result.

4

22. Defendants have failed to properly maintain and follow reasonable procedures to assure accuracy of Plaintiff's credit information. These violations occurred before, during, and after the Dispute process with the CRA's, consumer reporting agencies.

23. Defendants have failed to properly investigate Plaintiff's accounts in response to Plaintiff's disputes. The conduct of Defendants has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future Mental distress, emotional anguish and other damages that will be presented to the trier of fact.

24. It is a practice of Defendants to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FDCPA, FCRA and state law as noted by the last lawsuit I filed against them.

25. Defendants know their conduct is wrong.

26. Significant punitive damages are needed to stop Defendants from debt abusing Plaintiff and other consumers.

27. All actions taken by Defendants' employees, agents, servants, or representatives of any type were taken in the line and scope of such individuals (or "entities") employment agency or representation.

28. All actions taken by Defendants were done with malice, willfully and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FCRA and/or FDCPA and/or state law and/or that they knew or should have known that their actions were in reckless disregard of the FCRA and/or FDCPA and/or state law.

29. Defendants have engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and consumer reporting and as such Defendants are subject to Punitive damages, statutory damages and all other appropriate measures to punish and deter similar future conduct by Defendants.

30. Defendants are liable to Plaintiff through the **doctrine of Respondeat Superior for the wrongful, intentional and negligent acts, errors, and omissions** done in violation of state and federal law by their employees and agents, including, but not limited to, violations of the FCRA, FDCPA and Illinois tort law, in their attempts to collect erroneous debt from Plaintiff.

## SUMMARY OF LEGAL CLAIM

31. All of the above-described collection activities made by Defendant was made in violation of the FDCPA, including (but not limited to) §§ 1692d; 1692e; 1692e(2); 1692e(4); 1692e(5); 1692e(8); 1692e(10); 1692f; and 1692f(1).

32. The above-detailed conduct by Defendants was initiated to harass Plaintiff in an effort to collect erroneous debt (directly or indirectly), an invasion of Plaintiff's privacy by an intrusion upon seclusion and resulted in actual damages to the Plaintiff.

33. This series of abusive actions by Defendants and their agents caused Plaintiff stress and anguish.

34. Defendants violated the FDCPA and 815 ILCS 505/2, Illinois Consumer Fraud Act.

35. Plaintiff has suffered actual damages as a result of Defendants illegal actions in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, and additional money to State Farm, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## CAUSES OF ACTION

## COUNT I. - VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 et seq.

36. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

37. The acts and omissions of Defendants and its agents constitute numerous and multiple violations of the FDCPA with respect to the Plaintiff, including but not limited to §§ 1692d; 1692e; 1692e(2); 1692e(4); 1692e(5); 1692e(8); 1692e(10); 1692f; and 1692f(1).

38. As a result of the violations of the FDCPA, Plaintiff is entitled to actual or compensatory damages; statutory damages; and reasonable attorney's fees, expenses, and costs, from Defendants.

## COUNT II. - VIOLATING THE FAIR CREDIT REPORTING ACT

39. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. Defendants is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

41. Defendants failed to delete erroneous information found to be inaccurate in Plaintiff's credit file without following the FCRA, or failed to properly engage truthfully in Plaintiff's disputes.

42. Plaintiff alleges that at all relevant times Defendants failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, concerning the accounts in question, violating 15 U.S.C. § 1681e(b).

43. All actions taken by the Defendants were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FCRA and state law and/or that they knew or should have known that their actions were in reckless disregard of the FCRA and state law.

44. All of the violations of the FCRA proximately caused the injuries and damages set forth in this Complaint.

## COUNT III. - INVASION OF PRIVACY

45. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

46. Illinois law recognizes Plaintiff's right to be free from invasions of privacy and Defendants' violation of state law as described in this Complaint.

47. Congress explicitly recognized a consumer's inherent right to privacy in debt collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

**Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**
15 U.S.C. § 1692(a) (emphasis added).

48. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

7

It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information. 15 U.S.C. § 6801(a) (emphasis added).

49. Defendants and/or their agents intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and/or false credit report and thereby invaded Plaintiff's privacy.

50. Defendants and their agents intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

51. The conduct of the Defendants and their agents, in engaging in the above-described abusive collection against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

52. The false credit reporting by Defendants naturally resulted in invasions of privacy of Plaintiff.

53. As a result of all intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined.

54. All acts of Defendants and their agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as such Defendants are subject to punitive damage.

## COUNT IV -- NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING AND SUPERVISION OF INCOMPETENT EMPLOYEES OR AGENTS

55. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

56. Defendants as collectors are not allowed to break the law in order to collect debt.

57. Defendants were aware of the wrongful conduct of its attempt to collect debt. Defendant knows and approve of its incompetent employees and agents who are involved in credit reporting.

58. Defendants negligently, wantonly, and/or intentionally hired, trained, retained, or supervised incompetent debt collectors and/or credit reporting individuals and/or entities, who were allowed or encouraged to violate the law as was done to Plaintiff, and Defendants are thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

## COUNT V (NEGLIGENT, WANTON, AND INTENTIONAL CONDUCT)

59. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

60. Defendants acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiff as set forth in this Complaint.

61. Defendants violated all of the duties Defendants had and such violations were made intentionally, willfully, recklessly, maliciously, wantonly, and negligently.

62. It was foreseeable, and Defendants did in fact foresee it, the actions of Defendants would lead and did lead to the exact type of harm suffered by Plaintiff.

63. Defendants acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiff as set forth in this Complaint.

64. Defendants invaded the privacy of Plaintiff releasing unauthorized information about Plaintiff.

65. Such negligence, malice, wantonness, recklessness, willfulness, and/or intentional conduct proximately caused the damages set forth in this complaint.

66. As a result of this conduct, action, and inaction of Defendants, Plaintiff has suffered damages as set forth in this Complaint.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants AT&T Corporation and IC Systems Inc. for all damages allowable (including statutory, actual, compensatory, nominal and punitive), costs, expenses, fees, injunctive relief to prevent further violations, and for such other and further relief as may be just and proper.

Respectfully Submitted,

By: _____
VANESSA SUMMERS / PROSE
11519 S. Kedzie #56
Merrionette Park, IL 60803

Dated this 23 day of Oct 2013

## CERTIFICATE OF SERVICE

Vanessa Summers, prose, hereby certifies that she caused a copy of the **Plaintiff's Complaint** to be by U.S. Mail Delivery Confirmation, to be served on:

AT&T Corporation
AT&T Uverse
208 S. Akard Street
Dallas, TX 75202

IC SYSTEM INC
P.O. Box 64378
Saint Paul, MN 55164

Dated this 23 day of Oct 2013

Respectfully Submitted,

By: _____
VANESSA SUMMERS/Prose

10

Exhibit 7

# Experian
*A world of insight*

Prepared for: **VANESSA A SUMMERS**
Date: **October 04, 2013**
Report number: **1432-8605-57**

Page 5 of 26

## Your accounts that may be considered negative (continued)

**I C SYSTEM INC**
PO BOX 64378
SAINT PAUL MN 55164
**Phone number**
(888) 735-0516
**Partial account number**
43887567001
**Address identification number**
0118601104
**Original creditor:** AT&T UVERSE

**Date opened**
Apr 2012
**First reported**
Aug 2012
**Date of status**
Aug 2012

**Type**
Collection
**Terms**
1 Months
**Monthly payment**
Not reported

**Credit limit or original amount**
$479
**High balance**
Not reported

**Recent balance**
$479 as of Sep 2013

**Responsibility**
Individual
**Status**
Collection account. $479 past due as of Sep 2013.
This account is scheduled to continue on record until Feb 2016.
**Comment**
Account information disputed by consumer (Meets requirement of the Fair Credit Reporting Act).
This item was updated from our processing of your dispute in Sep 2013.

**Payment history**

| 2013 | | | | | | | | | | | | 2012 | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| SEP | AUG | JUL | JUN | MAY | APR | MAR | FEB | JAN | DEC | NOV | OCT | SEP | AUG |
| C | ND | C | ND | ND | ND | C | ND | ND | ND | C | ND | C | C |



0001211452

*Exhibit II*

B6F (Official Form 6F) (12/07) - Cont.

In re **Vanessa Summers**, Case No. _____
Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No.<br>Collection Bureau of America<br>25954 Eden Landing Rd<br>Hayward, CA 94545 | - | | due | | | | AT+T Uverse<br>487.74 |
| Account No.<br>[illegible] | | | due | | | | |
| Account No. | | | | | | | |

Sheet no. **1** of **1** sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal (Total of this page)    **5,560.28**

Total (Report on Summary of Schedules)    **22,120.40**